WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adnan Alisic,<br><br>               Movant/Defendant,<br><br>vs.<br><br>United States of America,<br><br>               Respondent/Plaintiff. | No. CV-19-05932-PHX-DGC (CDB)<br>No. CR-06-00717-02-PHX-DGC<br><br>**ORDER** |

      In April 2008, the Court sentenced Adnan Alisic to more than seventeen years in prison after a jury found him guilty of three charges related to the robbery of an armored car. *See* Case No. CR-06-00717, CR Docs. 161, 209, 210.[1] Alisic has filed a motion to vacate his sentence under 28 U.S.C. § 2255. CV Doc. 25. Magistrate Judge Camille Bibles issued a report recommending that the motion be denied ("R&R"). CV Doc. 33. Alisic filed an objection, to which the government responded. CV Docs. 36, 37. For reasons stated below, the Court will accept the R&R and deny the motion.[2]

---

[1] Citations to documents in the criminal case are cited as "CR Doc." and documents filed in this civil action, No. CV-19-05932, are denoted "CV Docs."   Citations are to page numbers attached to the top of pages by the Court's filing system.

[2] Alisic moves for leave to file a reply if the Court wishes to be briefed on the question of what constitutes a specific objection or any other legal issue. CV Doc. 38. The Court will deny the motion because the relevant issues have been adequately briefed and a reply would not aid the Court's decision.

## I. Background.

On July 21, 2006, Alisic and his codefendants robbed an armored car outside of a casino. In November 2007, Alisic was charged with two crimes under the Hobbs Act, 18 U.S.C. § 1951 – conspiracy (count one) and interference with interstate commerce by threat, violence, and robbery (count two). CR Doc. 133 at 1-5. Alisic also was charged with using a firearm in a crime of violence under 18 U.S.C. § 924(c) (count three). *Id.* at 5-6.

On November 28, 2007, following a six-day trial, the jury found Alisic guilty on all counts. CR Doc. 161 at 1. On April 9, 2008, the Court sentenced Alisic to concurrent terms of 151 months in prison on counts one and two and a consecutive term of 60 months on count three. CR Docs. 209, 210. The Ninth Circuit affirmed the conviction and sentence. CR Doc. 274; *see United States v. Alisic*, 357 F. App'x 778 (9th Cir. 2009), *cert. denied*, 559 U.S. 1024 (2010).

Section 2255 provides a means of habeas corpus relief for federal prisoners. *See United States v. Hayman*, 342 U.S. 205, 212 (1952); *Davis v. United States*, 417 U.S. 333, 343 (1974). A court may vacate a prisoner's sentence if the sentence violated the Constitution or laws of the United States, the court lacked jurisdiction to impose the sentence, or the sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a); *see Davis*, 417 U.S. at 344-45; *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016). Alisic moved to vacate his sentence under § 2255 in March 2011. *See* Case No. CV-11-0063, Doc. 4. The Court denied the motion and the Ninth Circuit denied a certificate of appealability. *Id.*, Docs. 16, 26; *see also Alisic v. United States*, 2012 WL 353770, at *9 (D. Ariz. Feb. 3, 2012); *Alisic v. United States*, No. 12-15980 (9th Cir. Oct. 23, 2012), *cert. denied*, 568 U.S. 1245 (2013).

In January 2020, the Ninth Circuit granted Alisic's application to file a second or successive § 2255 motion and transferred the matter to this Court. *See* CV Doc. 13; CR Doc. 286; *Alisic v. United States*, No. 19-70089, at *1 (9th Cir. Jan. 13, 2020) (granting the application but expressing no opinion on the merits of Alisic's § 2255 claims). In May

2020, Alisic filed an amended § 2255 motion through appointed counsel, challenging his § 924(c) conviction (count three). CV Doc. 25. Alisic claims that the jury instructions permitted him to be convicted of Hobbs Act extortion, and because that offense is not a "crime of violence" in light of *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), it cannot serve as a predicate offense for a § 924(c) conviction. *Id.* at 5-13; *see also* CV Doc. 36 at 4 (arguing that "the true offense of conviction was actually extortion, rather than robbery, and . . . extortion was not, categorically, a 'crime of violence'"). Alisic further claims that the Court erred in instructing the jury that Hobbs Act robbery is a crime of violence for § 924(c) purposes. CV Docs. 25 at 13, 36 at 2. The government argues that Alisic's § 2255 claims are procedurally defaulted because he did not raise them on direct appeal, and Alisic has not established cause and prejudice, or actual innocence, to excuse the default. CV Docs. 29 at 7-14, 37 at 2-6.

Judge Bibles issued a thorough R&R on March 22, 2021. CV Doc. 33. She found that because Alisic's claims fail on the merits, he has not established actual prejudice arising from the procedural default. *See id.* at 7-9. Alisic filed an objection, to which the government responded. CV Docs. 36, 37.

**II.    R&R Standard of Review.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**III.   Discussion.**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Where a defendant fails to raise a claim on direct review, the claim is procedurally defaulted for purposes of

3

habeas relief. *Id.* at 622. A procedurally defaulted claim "may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Id.* (quotation marks and citations omitted); *see Chibeast v. United States*, No. CR-11-012436-PHX-SRB (CDB), 2020 WL 8083575, at *5 (D. Ariz. Dec. 9, 2020) (explaining that "[a]bsent a showing of both cause for the default and a showing of prejudice arising from the default, or a colorable claim of actual, factual innocence, rather than mere legal insufficiency," a court should not grant relief on a § 2255 claim not raised in the defendant's direct appeal) (citing *Bousley*, 523 U.S. at 622; *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). "To establish 'actual prejudice,' [the defendant] 'must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *United States v. Pettigrew*, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (quoting *Frady*, 456 U.S. at 170).

Alisic's § 2255 claims are procedurally defaulted because he did not raise the claims in his direct appeal to the Ninth Circuit. *See Alisic*, 357 F. App'x 778, at *1 (rejecting Alisic's arguments that a judgment of acquittal should have been granted on the § 924(c) charge and that the Court misapplied the sentencing guidelines). The Court agrees with the government and Judge Bibles that Alisic has failed to establish actual prejudice from the default because his § 2255 claims lack merit.

### A.     Alisic Was Not Convicted of Hobbs Act Extortion.

A person commits a crime under the Hobbs Act where he "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion[.]" 18 U.S.C. § 1951(a). The term "robbery" means the unlawful taking of property from a person "*against his will*, by means of actual or threatened force, or violence, or fear of injury[.]" 18 U.S.C. § 1951(a)(1) (emphasis added). The term "extortion" means the obtaining of property from another "*with his consent*, induced by wrongful use of actual or threatened force, violence, or fear[.]" 18 U.S.C. § 1951(a)(2) (emphasis added). As Judge Bibles explains in her R&R, Hobbs Act robbery and Hobbs

Act extortion are separate crimes with different elements. CV Doc. 33 at 9 (citing *United States v. McCallister*, No. 15-0171 (ABJ), 2016 WL3072237, at *8-9 (D.D.C. 2016)); *see also United States v. Gooch*, 850 F.3d 285, 291 (6th Cir. 2017) ("[W]e conclude that § 1951 is a divisible statute setting out separate crimes of Hobbs Act robbery and Hobbs Act extortion."); *United States v. O'Connor*, 874 F.3d 1147, 1152 (10th Cir. 2017) ("The Hobbs Act . . . is a divisible statute setting out two separate crimes – Hobbs Act robbery and Hobbs Act extortion."). "Hobbs Act robbery by definition requires non-consensual taking, whereas extortion takes place when property is taken or obtained with consent." *United States v. Richardson*, No. 1:97-CR-05129-LJO, 2017 WL 3896307, at *5 (E.D. Cal. Sept. 6, 2017).

Alisic contends that Jury Instruction 17 "opened the door for a jury finding of guilt under either prong (extortion or robbery) of § 1951(a), thus allowing a verdict of guilty on [count two] without a finding of robbery." CV Doc. 36 at 8. Jury Instruction 17, which was the then-current Ninth Circuit model instruction for Hobbs Act robbery, stated in part:

> The defendant is charged in Count Two of the Second Superseding Indictment with the crime of Interference with Commerce by Threats, Violence or Robbery in violation of Section 1951 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant induced Christopher Michael Williams and/or Joshua Lane Oullette, of the Bantek Armored Car Company, to part with property by the wrongful use of threats, violence or robbery;
>
> Second, the defendant acted with the intent to obtain the property that the defendant knew he was not entitled to receive;
>
> . . . .
>
> The term "robbery" means the unlawful taking or obtaining of personal property from the person, *against his will*, by means of actual or threatened force, or violence or fear of injury, to his person or property, or property in his custody or possession.

CR Doc. 153 at 18 (emphasis added); *see also* CR Doc. 271 at 92-93.

Because the instruction required that the armored car guards be "induced" to part with property, Alisic contends, "there was no requirement that the jury find that the property was taken against the will of the victim." CV Doc. 36 at 8; *see also id.* at 7 (stating that "[t]he term 'induce' connotes the obtaining of property *with* the victim's consent") (emphasis in original). But this argument ignores a critical part of the instruction – that robbery involves the taking of property "from the person, *against his will*[.]" CR 153 at 18 (emphasis added); *see* Doc. 33 at 5 ("Notably, the jury was instructed that robbery required a finding of fact that the subject 'property' be taken . . . *against the will* of the person from whom the property was taken[.]") (emphasis in original). The instruction does not include the definition of Hobbs Act extortion, and Alisic's assertion that the instruction did not require the jury to find that the property was taken "against the will" of the victim is unpersuasive. CV Doc. 36 at 8.

Furthermore, a review of the record shows that robbery, not extortion, formed the basis for Alisic's conviction on count two. *See* Docs. 33 at 10-11, 37 at 5-6.[3] The indictment alleges that Alisic interfered with commerce "by threats, violence, *and robbery* of an armored car[.]" CR Doc. 133 at 5 (emphasis added). In describing the overt acts in furtherance of Alisic's conspiracy to commit a robbery, the indictment alleges that Alisic and his co-conspirator "hit the armored car with the green van" and, "armed with what appeared to be an assault rifle, approached one of the armored car employees and sprayed him with pepper spray." *Id.* On the verdict form, the jury checked the box which found Alisic guilty of "Interference with Commerce by Threats, Violence *and Robbery*." CR Doc. 161 at 1 (emphasis added). Similarly, the Court's judgment provides that Alisic was found guilty of "Interference with Commerce by Threats, Violence *and Robbery*[.]" CR Doc. 210 at 1 (emphasis added). Nowhere in the indictment, jury instructions, verdict form,

---

[3] *See also Shepard v. United States*, 544 U.S. 13, 16 (2005) (explaining that a court may look to the statutory elements, charging document, and jury instructions to determine which alternative sets of elements within a divisible statute form the basis of a conviction); *United States v. Walton*, 881 F.3d 768, 772 (9th Cir. 2018) (same); CV Doc. 36 at 5-6 (citing *Shepard* and *Walton*).

or judgment is there any suggestion that Alisic obtained the money from the armored car guards with their consent. *See* 18 U.S.C. § 1951(a)(2). As Judge Bibles also noted, the prosecutor argued to the jury that Alisic had committed a robbery and the evidence adduced at trial showed that Alisic pepper-sprayed one of the guards while his codefendant, who was wearing a ski mask, brandished an AK-47 style assault rifle. CV Doc. 33 at 11 (citing CR Doc. 271 at 5-6, 14, 19, 27).

Alisic asserts that Hobbs Act extortion can be committed "via 'threats' to cause the devaluation of some economic interest" and that such threats "are certainly not threats of 'violent force.'" CV Docs. 25 at 12, 36 at 7. As noted, however, Instruction 17 does not include the definition for Hobbs Act extortion. Nor did the instruction require or permit the jury to find that Alisic had made a threat to devalue some economic interest.

Judge Bibles correctly found that the slight differences between the jury instruction and the statutory definition of Hobbs Act robbery did not permit the jury to convict Alisic of extortion. CV Doc. 33 at 13; *see United States v. Soto-Barraza*, 947 F.3d 1111, 1119 (9th Cir.), *cert. denied*, 141 S. Ct. 599 (2020) ("[W]e conclude that the slight differences between the court's instructions to the jury and the statutory definition of [Hobbs Act] robbery do not constitute plain error. The omission of the phrases 'against his will' and 'fear of injury' did not make the instruction 'misleading or inadequate to guide the jury's deliberation.'") (citations omitted); *United States v. Williams*, 835 F. App'x 283, 283 (9th Cir. 2021) (concluding there was no error in a hearing involving a plea to Hobbs Act robbery where the district court restated the elements of the offense set forth in the plea agreement, which in turn mirrored the operative Ninth Circuit model instruction, stating: "Even if the instructions . . . mistakenly implied that Hobbs Act robbery can be committed by non-violent pressure inducing an individual to part with property, that mistake did not affect [the defendant's] 'substantial rights.'"); *United States v. Larsen*, 810 F. App'x 508, 509 (9th Cir. 2020) (finding the district court did not commit plain error when jury instructions were consistent with statutory language and the model jury instruction).

As already noted, the Court, like the district judge in *Soto-Barraza*, gave the then-current Ninth Circuit model instruction for Hobbs Act robbery, which included the word "induced." *See* CR Doc. 153 at 18; *Soto-Barraza*, 947 F.3d at 1118-19 (the instruction given stated that the jury would need to find that the defendants "induce[d] drug smugglers to part with property by the wrongful use of actual or threatened force, violence, or fear"). The jury instruction in this case, however, also included the definition of Hobbs Act robbery, which advised the jury that robbery involves the taking of property "from the person, against his will[.]" CV Doc. 33 at 13-14 (quoting CR Doc. 153 at 18). Contrary to Alisic's assertion, the Court did not blend Hobbs Act robbery and Hobbs Act extortion in the jury instructions.

### B.     Hobbs Act Robbery Is a Crime of Violence.

Alisic was convicted on count three and sentenced to a consecutive five-year prison term for possessing and carrying a firearm during a crime of violence under 18 U.S.C. § 924(c). CR Docs. 133 at 5-6, 161 at 1. Section 924(c) defines a "crime of violence" as an offense that is a felony and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Courts generally refer to clause (A) as the "elements" or "force" clause, and to clause (B) as the "residual clause." *See* CV Doc. 33 at 7. In *Davis*, the Supreme Court invalidated the residual clause as unconstitutionally vague, but left the elements clause intact. 139 S. Ct. at 2323-24, 2336.

The Court instructed the jury that Hobbs Act Robbery is a crime of violence for § 924(c) purposes. CR Docs. 153 at 19, 271 at 94. Alisic asserts in conclusory fashion that the Court erred because Hobbs Act Robbery is not a crime of violence. Docs. 25 at 13, 36 at 2. As Judge Bibles correctly explained, however, federal appellate courts, including this Circuit, uniformly hold that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c). CV Doc. 33 at 8; *see United States v. Dominguez*, 954 F.3d 1251, 1262 (9th Cir. 2020) ("We hold that attempted Hobbs Act robbery is a crime of

violence under 18 U.S.C. § 924(c)(3)(A)."); *United States v. Walker*, 974 F.3d 193, 201 (2d Cir. 2020) ("[O]ur Circuit has now ruled that Hobbs Act robbery qualifies, categorically, as a crime of violence under the elements clause of 18 U.S.C. § 924(c)."); *United States v. Richardson*, 948 F.3d 733, 742 (6th Cir. 2020) ("[T]he First, Third, Tenth, and Eleventh Circuits have held that aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)(3)(A). . . . We agree with our sister circuits and conclude that Richardson's conviction for aiding and abetting Hobbs Act robbery satisfies the elements clause."); *United States v. Ingram*, 947 F.3d 1021, 1025 (7th Cir. 2020) ("[W]e have previously held, and Ingram does not disagree, that Hobbs Act robbery constitutes a crime of violence under the elements test contained in 18 U.S.C. § 924(c)(3)(A)."); *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019) ("Like other circuits, we have expressly held that Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force against the person of another, the operative term in § 924(c)(3)(A)."); *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) ("[W]e conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."). Alisic concedes that *Dominguez* and other recent Ninth Circuit decisions "foreclose relief based on a claim that the robbery prong of 18 U.S.C. § 1951(a) is not a 'crime of violence' for § 924(c) purposes," but makes the argument to preserve it for appeal. Doc. 36 at 3-4.[4]

### C. Actual Innocence.

Alisic asserts that he can demonstrate his actual innocence, but presents no argument or evidence in support. CV Docs. 25 at 16, 36 at 5. A defendant must support his claim of actual innocence "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995).

---

[4] Alisic further asserts that the jury instruction on the § 924(c) charge improperly removed the jury's ability to find that Hobbs Act robbery is a crime of violence. CV Doc. 25 at 13. But whether an offense is a crime of violence is a matter of law determined by the Court, not an element of the crime found by the jury. *See* Doc. 33 at 14 (citing *United States v. Amparo*, 68 F.3d 1222, 1224 (9th Cir. 1995)).

Alisic has not met this burden. He does not deny that he engaged in the conduct for which he was convicted. CV Doc. 37 at 7. Indeed, he self-published a book titled *Arizona Dream: A True Story of a Real Life Ocean's Eleven*, in which he details his commission of the robbery in this case. *Id.* One reviewer describes the book as an "engaging, mile-a-minute crime memoir" that is "full of lush and vivid detail[.]" *See* Amazon, https://www.amazon.com/Arizona-Dream-Story-Oceans-Eleven/dp/1457529874 (Alisic, Adnan (May 30, 2014)) (last visited Aug. 10, 2021). Maybe Alisic forgot about his book when he argued in his petition that he is actually innocent.

**IV.     Conclusion.**

Alisic fails to establish actual prejudice arising from the procedural default of his § 2255 claims because the claims lack merit. CV Doc. 33 at 6-7; *see Pettigrew*, 346 F.3d at 1144 ("[T]he showing of prejudice required to overcome procedural default on collateral review 'is significantly greater than that necessary' to establish plain error on direct review.") (quoting *Murray*, 477 U.S. at 493-94). Alisic also fails to show his actual innocence. The Court will deny his § 2255 motion. CV Doc. 25.

**IT IS ORDERED:**

1. Alisic's motion for leave to file a reply (CV Doc. 38) is **denied**.
2. Judge Bibles' R&R (CV Doc. 33) is **accepted**.
3. Alisic's amended second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (CV Doc. 25) is **denied**.
4. The Clerk of Court shall enter judgment accordingly.

Dated this 12th day of August, 2021.

David G. Campbell
Senior United States District Judge