**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adnan Alisic, | No. CV-19-05932-PHX-DGC (CDB) |
| Movant/Defendant, | No. CR-06-00717-02-PHX-DGC |
| vs. | |
| United States of America, | **ORDER** |
| Respondent/Plaintiff. | |

The Ninth Circuit has asked the Court to determine whether a certificate of appealability ("COA") should be granted in this habeas case (Doc. 44), and Defendant Alisic has also moved for a COA (Doc. 43). To grant a COA, the Court must find that Alisic has made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2), and that "reasonable jurists would find the [Court's] assessment of the constitutional claims are debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A COA is not warranted under this standard.

As explained in the Court's previous order, Alisic's § 2255 claims are procedurally defaulted because he did not raise them in his direct appeal to the Ninth Circuit. Doc. 39 at 4. Further, Alisic failed to establish actual prejudice from the default because his § 2255 claims lack merit. *Id*. at 4-10.

The Court rejected Alisic's argument that the jury in this case could have found him guilty of Hobbs Act extortion, rather than Hobbs Act robbery, which would undercut his § 924(c) conviction because, he claims, extortion is not a crime of violence. Alisic clearly

was convicted of robbery. The Court gave the standard Ninth Circuit instruction for Hobbs Act robbery, which included the key requirement that property be taken from the victim "against his will." *Id.* at 6-7. The instruction did not include the elements of Hobbs Act extortion. *Id.* In addition, the indictment charged Alisic with robbery, the jury verdict confirmed a finding of robbery, and the entire case was tried on the premise that Alisic was guilty of robbery. Alisic has not presented a plausible argument that the jury found him guilty of extortion, particularly in light of *United States v. Soto-Barraza*, 947 F.3d 1111, 1119 (9th Cir. 2020). The Court therefore cannot conclude that reasonable jurists could find this conclusion debatable or wrong.[1]

Alisic's argument that Hobbs Act robbery is not a crime of violence is foreclosed by the law of the Ninth Circuit and virtually every other circuit court. *See* Doc. 39 at 8-9. And he presented no colorable claim of actual innocence. *Id.* at 9-10. No reasonable jurist could disagree.

**IT IS ORDERED:**

1. A certificate of appealability is denied.
2. Alisic's motion for a certificate of appealability (Doc. 43) is **denied**.
3. The Clerk of Court shall send a copy of this order to the Ninth Circuit Court of Appeals.

Dated this 31st day of August, 2021.

David G. Campbell
Senior United States District Judge

---

[1] Alisic argues in his motion that he presented a colorable claim for ineffective assistance of counsel. But his only mention of ineffective assistance in his petition, reply, and objection was a brief statement, appended to the extortion argument discussed above, that effective counsel would have identified the extortion argument and made it timely. Docs. 25 at 15, 32 at 4, 36 at 4. Alisic presented no separate basis for ineffective assistance, and the invalidity of his extortion argument therefore dispenses with his ineffective assistance argument. "Counsel's failure to make a futile [argument] does not constitute ineffective assistance of counsel." *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994).